

May 5, 2023

**By ECF**
Hon. Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    United States v. Ishan Wahi, 22-cr-392 (S.D.N.Y.)

Your Honor:

I am one of the lawyers representing defendant Ishan Wahi in this case.

I write to lay out Mr. Wahi's position in connection with certain factual disputes among the parties and Probation in advance of his sentencing now scheduled for May 9, 2023, consistent with the parties' obligations under Fed. R. Crim. P. 32(i)(1)(c) and USSG § 6A1.3 (policy statement).

In sum, there is, in the view of the defense, only one dispute with the PreSentence Report that requires a ruling by the Court and as to that dispute, the government and the defense agree. While there are other factual disputes, none of them affect sentencing, in the view of the defense, and accordingly none of them require a ruling by the Court. Fed. R. Crim. P. 32(i)(3)(B).

The one issue that requires a ruling by the Court is the treatment of the gains obtained by co-defendant Sameer Ramani from Ramani's trades in the Coinbase-listed digital asset XYO. In the PSR, Probation describes approximately $900,000 in gains that Ramani obtained from trades in XYO. (PSR, ¶¶ 24-25).[1] The defense objected to the inclusion of these gains in the gain amount. (*Id.* at 35). As noted in the PSR, "according to the Government, the

---

[1] It should be noted that the PSR acknowledges that the gain amount for sentencing is that agreed to in the plea agreement, *viz.*, between $550,000 and $1.5 million, resulting in an upward adjustment of 14 levels. (PSR, ¶ 48; p.39).

defense presented evidence prior to Wahi's guilty plea that Coinbase itself mistakenly leaked information about the XYO listing on Coinbase's website (before removing such information from its website after realizing the error). As such, the Government agreed to exclude the gains from the trading by Ramani associated with the XYO listing from the loss amount calculation in light of that additional information." (*Id.*). Accordingly, the government and the defense agree that the gain amount used for calculating Ishan Wahi's sentence should not include the $900,000 in gains associated with Ramani's trading in XYO. Notwithstanding that agreement, Probation stated in the final Presentence Report, with regards to XYO: "Taking both positions and all information into account, no changes have been made to the presentence report as a result of this objection." (PSR, p.35). All of the government, defense and Probation agree that the appropriate gain range is between $550,000 and $1.5 million, as provided for both in the plea agreement and the presentence report. The defense asks only that the Court at sentencing rule that is it not considering the $900,000 in gains associated with Ramani's XYO trades in determing the appropriate sentence.

Thank you for considering this request.

Respectfully,

Andrew St. Laurent

cc: AUSA Noah Solowiejczyk (by email)
AUSA Nicolas Roos (by email)
USPO Stephanie McMahaon (by email)
David Miller, Esq. (by email)